IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD E. WALTON,

       Plaintiff,                        No. CIV S-09-1246 GEB GGH (TEMP) P

    vs.

S. HIXSON, et al.,                     <u>ORDER</u> and

       Defendants.                    <u>FINDINGS & RECOMMENDATIONS</u>

_____/

          Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He alleges that defendant Hixson failed to respond to the informal level of plaintiff's grievance about her disruption of his prayers and prepared a number of false or improper Rules Violation Reports (RVR) in retaliation for his initial 602. She also opened some of plaintiff's confidential mail and told him to get out of her face and destroyed or otherwise mishandled his grievances. In addition, defendant Hixson "violently bent" his right wrist while handcuffing him and then grabbed him by the shirt collar and used an entire canister of pepper spray on him; defendant Hilsky, who was present, did not intervene.

          Defendants have filed a motion to dismiss for failure to state a claim.

I. <u>Motion To Strike</u>

          Plaintiff filed a response to defendants' reply to his opposition to the motion to dismiss. Docket No. 25. Defendants have filed a motion to strike.

When a party has raised new arguments or presented new evidence in a reply to an opposition, the court may permit the other party to counter the new arguments or evidence. El Pollo Loco v. Hashim, 316 F.3d 1032, 1040-41 (9th Cir. 2003). Defendants' reply addressed the argument in plaintiff's opposition; it raised no new theories. Accordingly, plaintiff's "response to defendants' reply" will be stricken.

II. Standards For A Motion To Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007). However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson, 551 U.S. 89, 93 (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Generally, a court must resolve a motion to dismiss under rule 12(b)(6) by looking only at the face of the complaint. Van Buskirk v. CNN, 284 F.3d 977, 980 (9th Cir. 2002). It may, however, rely on documents attached to the complaint or incorporated by reference in the complaint or matters subject to judicial notice without converting the motion to dismiss into a summary judgment motion. United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003).

In this case, defendants have asked the court to take judicial notice of several documents from plaintiff's central file in support of one of their arguments. They argue, in the alternative, that the documents are integral to plaintiff's complaint, even though they are not

attached to it, and so may properly be considered on a motion to dismiss. The court will discuss these requests when discussing the substantive portion of defendants' motion to dismiss to which these documents relate.

Plaintiff's fourteen page opposition to the motion is supported by 399 pages of exhibits; even if these documents were properly considered in opposition to a motion to dismiss, plaintiff has done little to explain the relationship of the documents to his opposition. He has not suggested, for example, that any of these documents have been incorporated by reference into the complaint or that they are otherwise properly subject to judicial notice. Plaintiff is cautioned that should he continue to file lengthy documents with little or no bearing on the issues, he may be subject to sanctions, including filing restrictions or dismissal of the action.

III. First Amendment And RLUIPA

As part of the first claim, plaintiff alleges that in December, 2007, while he and two other Muslim inmates were praying in the back of their dormitory, defendant Hixson told them to "break it up." Plaintiff finished his prayer and then went to ask defendant Hixson not to interrupt their prayers. Complaint (Compl.) at 5, 6.[1] He also claims that in May, 2008, defendant Hixson said plaintiff was out of bounds and threatened to take plaintiff to the program office, which caused him to miss morning prayers. Compl. at 6. Plaintiff alleges that these encounters violated his First Amendment right to practice his religion and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc-1(a) ( RLUIPA).

It is true that prisoners do not lose all rights to free exercise of religion upon incarceration, but to state a claim for a violation of that right, an inmate must allege that a sincerely held belief, rooted in religious practice, has been burdened by state action. Cruz v. Beto, 405 U.S. 319, (1972); Shakur v. Schriro, 514 F.3d 878 (9th Cir. 2008). In order to state a claim for relief under RLUIPA, plaintiff must allege that the exercise of his religion has been

---

[1] The court relies on the pagination assigned by its ECF system.

"substantially burdened." 42 U.S.C. § 2000cc-1; Warsoldier v. Woodford, 418 F.3d 989, 995 (9th Cir. 2005). Plaintiff alleges despite defendant Hixson's order to "break up" his prayers, he nonetheless was able to finish his praying. This claim does not show that plaintiff's right to practice his religion was burdened by defendant Hixson's action in December, 2007. To the extent that these allegations give context to plaintiff's later claim that his grievance against Hixson stemming from the incident gave rise to a series of retaliatory actions, they may retain its relevance to this action.

Much the same can be said for the allegation that on one occasion plaintiff's morning prayer was made unavailable by defendant Hixon as plaintiff was out of bounds at the time and the administrative sequellae caused delay. In order to be a "substantial burden" on the practice of religion, the act, or acts, must be "'oppressive' to a 'significantly great extent.'" Warsoldier v. Woodford, 418 F.32d 989, 995 (9th Cir. 2005). Whether misguided or not, the administrative activities by Hixon which caused an inability to pray on one occasion cannot as a matter of law meet the Warsoldier definition.

IV.   Opening And Copying Plaintiff's Legal Mail

Plaintiff claims that defendant Hixson opened confidential mail, apparently on one occasion. He has attached a letter and envelope to the complaint, but it is not clear that this is the letter he claims was opened improperly.

It is an open question in this Circuit as to whether allegations that prison officials have opened and inspected legal correspondence outside the presence of an inmate state a claim for relief. Sherman v. MacDougall, 656 F.2d 527 (9th Cir 1981). Plaintiff has alleged that defendant Hixson opened the mail only a single time but does not otherwise describe any harm from the alleged action. Moreover, if the letter which Hixson inspected is the letter attached to the complaint, the court notes that it does not contain privileged communications about ongoing litigation. This allegation fails to state a claim and does not rise to the level of an adverse action for retaliation purposes.

### V. Handling Plaintiff's Grievances

Plaintiff alleges that defendant Hixson threw out plaintiff's initial grievance about her request that he "break up" his prayers and that she made notes about and copied some of his grievances to read later.

There is no constitutional right to a grievance process and so inadequacies in the handling of grievances do not state a claim under the civil rights act. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003); Mann v. Adams, 846 F.2d 589 (9th Cir. 1988) (no right to a grievance procedure).

### VI. False Rules Violation Reports

Plaintiff alleges that on April 30, 2008, defendant Hixson prepared a false rules violation report (RVR), alleging that plaintiff had altered his quarters. Compl. at 5-6. He also contends that defendant Hixson prepared two other false RVRs "for retaliation" on August 5, 2008 and November 27, 2008. Compl. at 7. Finally, he alleges that Hixson listened to another correctional officer interview plaintiff about a grievance stemming from this rules violation and said that she wanted plaintiff's classification score to increase so he could be transferred to Los Angeles. Thereafter, plaintiff received a series of Rules Violation Reports, which he does not specifically allege were false or were prepared by defendant Hixson.

Defendants are correct that plaintiff has not tied the series of RVRs to defendant Hixson. Plaintiff's first cause of action contains a number of allegations as to other defendants, which the court did not find appropriate for service. By directing service on defendant Hixson, the court did not anticipate that Hixson would feel compelled to respond to all the allegations, as indeed she did not. To the extent that plaintiff has failed to tie these to defendant Hixson, dismissal is appropriate.

Moreover, to the extent that the allegations are based on the allegedly false rules violation reports in and of themselves, the complaint fails to state a claim: an inmate has no constitutionally protected right against false accusation. See Freeman v. Rideout, 808 F.2d 949,

5

951 (2d Cir. 1986); see Harper v. Costa, 2009 WL 1684599 at 2 (E.D. Cal. 2009) (collecting cases from this district).

However, to the extent that the claims are part of plaintiff's larger claim of retaliation, they may remain relevant to the complaint.

VII. Verbal Harassment

Plaintiff alleges that Hixon was "abusive, hostile and disrespectful" after plaintiff filed his grievance about defendant's alleged interference with his prayers. Compl. at 6.

Neither verbal harassment nor threats state a § 1983 claim. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987). In addition, threats are not sufficient adverse action to form the basis of a retaliation claim. Nunez v. City of Los Angeles, 147 F.3d 867, 875 (9th Cir.1998); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987).

VIII. Retaliation

Throughout the first claim of the complaint, plaintiff alleges that defendant Hixson engaged in many of the described actions in retaliation for the grievance plaintiff filed after she told him to "break it up" while he was praying. See Compl. at 6-8. Reading the complaint liberally and literally,[2] the court finds that it states a claim of retaliation against defendant Hixson, a claim defendants have not challenged in their motion to dismiss.

IX. The Impact Of Heck v. Humphrey

Defendants argue that plaintiff's allegations about false rules violations on August 5 and November 27, 2008 and his second claim of the excessive use of force are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court ruled a § 1983 action that would necessarily call into question the lawfulness of a plaintiff's conviction is not cognizable unless the plaintiff can show his conviction has been reversed. 512 U.S. at 486-87. In Edwards

---

[2] See, e.g., "[T]his is the first phase of retaliation for the 602 filed on Defendant For First Amendment violation Defendant S. Hixson would use this as a means to retaliate and harass repeatedly and raise the point score of Plaintiff." Compl. at 6 (reproduced as in original).

v. Balisok, 520 U.S. 641, 643 (1997), the Court ruled Heck applied to actions "challenging the validity of the procedures used to deprive an inmate of good-time credits. . . ."

In support of their argument, defendants have presented the declaration of O. Tellgren, a correctional case manager at California State Prison-Solano, who authenticates a number of documents relating to three rules violations proceedings. The first is Log No. S2-08-08-1770, issued on August 5, 2008, for failure to follow rules; the second is Log No. S2-08-11-1539, issued for "tenting" on November 27, 2008; the third is Log No. S2-12-1589 issued for "resisting staff requiring use of force" on December 19, 2008. Tellgren Decl., Exs. A-1, A-2 & A-3. A fourth exhibit, a Chronological History, shows that plaintiff lost good time as the result of each of these rules violations proceedings.

Defendants first argue that the court may consider these because they are mentioned in the complaint and there is no dispute over their authenticity. It is true that "a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998). The Ninth Circuit has explained that this is permissible when "plaintiff's claim depends on the contents of a document" which is not attached to the complaint. Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005). Although defendants note that plaintiff refers to the documents in his complaint, they do not explain how plaintiff's claims could be deemed to "depend[] on the contents" of these documents.

Under rule 201 of the Federal Rules of Evidence, a court may take judicial notice of "adjudicative facts" which "must be one not subject to reasonable dispute in that it is either (1) generally known . . . (2) or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." When appropriate, a court may take judicial notice of documents without converting a motion to dismiss into a motion for summary judgment. MGIC Indemnity Corporation v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). It is the proponent's burden to show that the facts contained in the documents are proper subjects of

7

judicial notice. <u>Hurd v. Garcia</u>, 454 F.Supp.2d 1032, 1054-55 (S.D. Cal. 2006) (proponent's burden); <u>Walker v. Woodford</u>, 454 F.Supp.2d 1007, 1022 (S.D. Cal. 2006) (plaintiff's prison medical records are not matters of public record subject to judicial notice); <u>Hicks v. Irvin</u>, 2008 WL 2078000 at 2 (N.D. Ill. 2008) (declining to take judicial notice of internal jail records); <u>but see</u> <u>Quintana v. Gates</u>, 2004 WL 1661540 at 2, fn. 1 (C.D. Cal. 2004) (taking judicial notice of documents from central file). In this case, plaintiff does not specifically object to this court's consideration of the records.

It is true, as defendant suggests, that when documents attached to or integral to a complaint show facts that doom a claim, dismissal is appropriate. <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001). However:

> The rule that allows the court to look beyond the complaint does not require the court to attribute to a plaintiff everything in a document written by a third party or a defendant.

<u>Harrison v. Institutional Gang Of Investigations</u>, 2009 WL 1277749 at 3 (N.D. Cal. 2009). Moreover, a court may not take judicial notice of disputed issues of fact in the public record: "factual findings in one case ordinarily are not admissible for their truth in another case through judicial notice." <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1114, n. 5 (9th Cir. 2003); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 690 (9th Cir. 2001). As the district court remarked in <u>Harrison</u>,

> If the court cannot take judicial notice of a factual finding in other court cases, it certainly cannot take judicial notice of a factual finding in the less procedurally rigid prison administrative hearing.

<u>Harrison</u> at 3, n. 2.

Defendants ask the court to accept as true the findings in RVR S2–8-12-1589 about the use of force, which are inconsistent with the claims in plaintiff's complaint, and thus find that plaintiff would run afoul of <u>Heck</u> should he proceed with his excessive force claim. This does not appear to be a proper function of judicial notice. <u>Lee</u>, 250 F.3d at 690.

The court could take notice of the fact that there was a rules violation proceeding arising out of the encounter between Hixson and plaintiff on December 9, 2008, that plaintiff was

charged with a violation of 15 Cal. Code Regs. § 3005(a), and that plaintiff lost good time credits as a result, facts which plaintiff's complaint does not dispute. Docket No. 17-6 at 2-3. Taking judicial notice of those facts does not, however, give rise to a Heck bar.

As the Supreme Court has said, only those suits which would necessarily imply the invalidity of the disciplinary proceeding are barred. Heck, 512 U.S. at 487. The Ninth Circuit has explained that disciplinary finding "arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996). However, when the § 1983 action does not necessarily implicate the underlying disciplinary action, it may proceed. Muhammed v.Close 540 U.S. 749, 854 (2004). In this case, plaintiff alleges that he did remain in the day room after it was closed but complied with the order to submit to handcuffing. Nevertheless defendant Hixson grabbed the collar of his shirt and applied pepper spray in his eyes and down his body until the can was empty. Compl. at 15. His claim that Hixon's use of force was excessive is not necessarily inconsistent with the finding that he failed to obey an order or resisted staff. See Gilbert v. Cook, 512 F.3d 899, 901-02 (7th Cir. 2008).

Even though the court will not take judicial notice of the facts underlying the rules violation proceedings, it does take judicial notice that there were disciplinary proceedings arising from two RVRs which plaintiff claims are false and that plaintiff lost good time as the result of those hearings. Courts have reached different conclusions when considering whether Heck bars retaliation claims. Compare Woods v. Smith, 60 F.3d 1161 (5th Cir. 1995) (retaliation claims not subject to Heck) with Jackson-El v. Winsor, 986 F.Supp.440, 444 (E.D. Mich. 1997) (claim that defendant prepared false disciplinary charge in retaliation subject to Heck); see also Cohea v. Salter, 2009 WL 3128949 at 3 (E.D. Cal. 2009). Without making a determination that Heck bars retaliation claims in all circumstances, it finds that these two claims are subject to the bar, even without considering the facts developed at the proceedings.

In his complaint, plaintiff describes the RVRs of August 5 and November 27, 2008 as false. A determination that they were in fact false would necessarily be inconsistent with the findings of guilt because the focus of plaintiff's claim is that the action taken against him had no legitimate basis. These two aspects of plaintiff's retaliation claim must be dismissed. See Williams v. Woodford, 2009 WL 3823916 at 3 (E.D. Cal. 2009).

X. Qualified Immunity

Defendants claim they are entitled to qualified immunity on plaintiff's claims of interference with mail, failure to respond to a grievance, and preparing false rules violation reports. Because the court has determined that these allegations do not raise claims independent of their inclusion as part of a claim of retaliation, it does not reach defendants' argument.

IT IS HEREBY ORDERED that defendants' motion to strike (docket no. 26) is granted and docket number 25 is stricken from the record.

IT IS THEREFORE RECOMMENDED that:

1. Defendants' motion to dismiss (docket no. 17) is granted insofar as the complaint can be read to allege that defendant Hixson violated plaintiff's rights by telling him to break up his prayers, by making it not possible for plaintiff to engage in morning prayer on one occasion, by mishandling his grievance, by opening his legal mail, by subjecting him to verbal harassment, and by preparing false rules violation reports and to the extent that plaintiff alleges that the RVRS of August 4 and November 27, 2008 were retaliatory; but

2. The motion is denied to the extent the complaint can be read to allege that defendant Hixson violated his First Amendment rights by undertaking a series of retaliatory acts except as noted in paragraph one; and that defendants Hixson and Hilsky violated his Eighth Amendment rights.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written

1 objections with the court and serve a copy on all parties. Such a document should be captioned
2 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
3 shall be served and filed within fourteen days after service of the objections. The parties are
4 advised that failure to file objections within the specified time may waive the right to appeal the
5 District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

6 DATED: January 19, 2011

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

sg /walt1246.mtd