IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD E. WALTON,

      Plaintiff,                      No. CIV S-09-1246 GEB CKD P

    vs.

S. HIXSON, et al.,

      Defendants.                FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a California prisoner proceeding with an action for violation of civil rights under 42 U.S.C. § 1983. The claims which remain are claims arising under the Eighth Amendment against defendants Hixson and Hilsky and a claim arising under the First Amendment against defendant Hixson.[1] Hixson and Hilsky have filed a motion to dismiss in which they assert plaintiff failed to exhaust administrative remedies with respect to his remaining claims.

        A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust non-judicial

---

[1] See January 19, 2011 findings and recommendations (dkt. no. 31) for a specific description of remaining claims.

remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1120. If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. Id.

The exhaustion requirement is rooted in the Prison Litigation Reform Act, which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). California Department of Corrections and Rehabilitation (CDCR) regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a prisoner has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5.

Administrative remedies must be "properly" exhausted which means use of all steps put forward by the agency. Woodford v. Ngo, 548 U.S. 81, 90 (2006). Also, "proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91.

The specificity required in grievances is dictated by the terms of the prison's own grievance process. Jones v. Bock, 549 U.S. 199, 218 (2007). Absent prison regulations to the contrary "'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002). Generally speaking, grievances need not include theories of legal relief or legal terminology and need not "contain every fact necessary to prove each element of an eventual legal claim." Id. There is no requirement that all defendants named in subsequent litigation be named in a prison grievance. Bock, 549 U.S. at 217.

/////

Defendants bear the burden of proving plaintiff's failure to exhaust. Wyatt, 315 F.3d at 1119.

Plaintiff's remaining Eighth Amendment claim arises from the following facts alleged in plaintiff's complaint:

1. On December 19, 2008, defendant Hixson, "violently bent" plaintiff's right wrist while applying handcuffs, grabbed him by the shirt collar and pepper-sprayed him.

2. Defendant Hilsky was present and did not intervene.

Defendants point to evidence indicating plaintiff submitted grievance number 09-00256 on December 29, 2008 concerning some of the events of December 19, 2008. Decl. of S. Cervantes, Ex. C. In the grievance, plaintiff complains that defendant Hixson hurt plaintiff while trying to handcuff him, grabbed him by his shirt, and then pepper-sprayed him. Plaintiff does not identify defendant Hilsky in the grievance or indicate any correctional officer failed to intervene to stop the actions of defendant Hixson.

Defendants also point to evidence indicating the grievance was "cancelled" at the first level of review because, on February 11, 2009, plaintiff failed to participate in an interview regarding the allegations in the grievance with Correctional Lieutenant M. Cordero. Further, the evidence indicates that plaintiff was free to appeal the cancellation of his grievance to the second level. Nothing suggests he did.

In his opposition, plaintiff fails to challenge the fact that grievance number 09-00256 was cancelled at the first level, that he failed to appeal the cancellation of the grievance to the second level or that he exhausted administrative remedies with respect to his claims concerning the events of December 19, 2008 via some other grievance. Because the evidence before the court shows plaintiff did not exhaust administrative remedies with respect to his Eighth Amendment claims against defendant Hixson and Hilsky, those claims will be dismissed.

As for plaintiff's remaining First Amendment claim, plaintiff asserts that in December of 2007, plaintiff was praying with other inmates in a prison dormitory. Defendant

Hixson demanded that plaintiff cease. Plaintiff did not. When he finished praying, plaintiff asked that Hixson not interrupt his prayers. Hixson became hostile toward plaintiff and indicated that plaintiff should pray at his bunk. On December 27, 2007, plaintiff filed an inmate grievance concerning Hixson's conduct. Plaintiff alleges defendant Hixson then retaliated against plaintiff for filing the grievance on May 12, 2008 when plaintiff was denied the ability to participate in the "morning prayer" by defendant. Instead, defendant forced plaintiff to return to his bunk based upon the fabricated premise that plaintiff was "out of bounds."[2]

Defendants point to evidence indicating plaintiff submitted a grievance, number 08–2500, on May 14, 2008 in which plaintiff complains about a number of things including the fact that defendant Hixson interfered with plaintiff's participation in group prayers. Decl. of S. Cervantes, Ex. A at 3-6. However, plaintiff does not suggest in the grievance that Hixson's interference with plaintiff praying was in retaliation for plaintiff submitting a grievance against Hixson. This is not sufficient to exhaust administrative remedies with respect to plaintiff's remaining First Amendment Claim because plaintiff's grievance did not put CDCR on notice of the nature of the claim before this court." Griffin, 557 F.3d at 1120. In his opposition to defendants' motion to dismiss, plaintiff fails to point to anything suggesting he filed any other grievance with respect to the events of May 12, 2008 and defendant's allegedly retaliatory motive for not allowing plaintiff to participate in group prayer that day. Accordingly, the court finds that plaintiff's failed to exhaust administratively remedies with respect to his remaining First Amendment Claim against defendant Hixson.

---

[2] The court does not include allegations which have already been deemed by the court to be inadequate to comprise an element of a retaliation claim against defendant Hixson. See January 19, 2011 Findings and Recommendations (Dkt. No. 31); February 23, 2011 Order (Dkt. No. 43). Further, to the extent plaintiff alleges defendant Hixson's use of force on December 19, 2008 was retaliatory, the court has already explained why administrative remedies have not been exhausted with respect to such a claim. Finally, plaintiff asserts a "Rules Violation Report" (RVR) filed by defendant Hixson against plaintiff on April 30, 2008 was retaliatory. However, plaintiff fails to indicate that he suffered even minimal harm with respect to the filing of that RVR which must be pled to state a claim for retaliation. See Rhodes v. Robinson, 408 F.3d 559, 568 n. 11 (9th Cir. 2005).

1  For all of the foregoing reasons, the court will recommend that defendants' motion to dismiss be granted, and this case be closed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The motion to dismiss filed by defendants Hixson and Hilsky on March 14, 2011 be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 29, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
walt1246.57